## PRILLER v AUGLAIZE HOTEL CO.

Ohio Appeals, 2nd Dist, Miami Co

No 407. Decided May 12, 1941

DeWeese & DeWeese, Piqua, for appellant, Albert C. Priller.

Bernard S. Keyt, Piqua, for appellee, The Auglaize Hotel Company.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Miami County, Ohio.

The cause originated in the Municipal Court of Piqua, Miami County, Ohio. Therein the Auglaize Hotel Company was plaintiff and Albert C. Priller defendant and cross-petitioner.

The action was commenced April 2, 1934, and decided adversely to both plaintiff and defendant on January 5, 1935. The defendant, Priller, carried the case to the Common Pleas Court by petition in error, and under the then procedure. he, Priller, was plaintiff in error and the Hotel Company, defendant in error. This at once causes us to wonder why the many years' delay before the final adjudication.

We do not know who may be to blame, but certainly someone is entitled to criticism for not bringing the cause to a more speedy determination.

In the Municipal Court the Hotel Company sought judgment against Priller in the sum of $80.00 with interest, as a claimed balance due on rent for August, September and October, 1932. As a basis for the cause of action the plaintiff set out that on October 10, 1927, it leased to Priller a store room in Wapakoneta, Ohio, for a period of five years, at a rental of $35.00 per month in advance. It further alleges that the defendant, Priller, paid all of said rent for the entire term, except for the above mentioned months of August, September and October. making an amount of $105.00, on which $25.00 was paid January 10, 1933, leaving an unpaid balance of $80.

On April 30, 1934, defendant, Priller, filed an answer and cross-petition. The answer admitted that on October 10, 1927. the Hotel Company leased the store room in Wapakoneta to him. and that said lease was in writing; admits that the lease contained the provisions

set forth in the petition. Further answering the defendant says that said lease was executed and signed in duplicate and that neither one was signed by the plaintiff in the presence of two witnesses, as required by law, and therefore the lease did not convey the terms set forth therein. Further answering defendant denies that he is indebted to the plaintiff for any rent under said lease, and further denies generally.

By way of cross-petition the defendant, Priller, avers that on the 10th day of October, 1927, he leased from the hotel Company a store room in the hotel block at Wapakoneta; that in the basement underneath said store room plaintiff maintained the heating plant of said hotel building; that the plaintiff knew for what purpose defendant had rented the store room; that the heat from said heating plant was so intense that the room was unsuitable for defendant's purpose and he was unable to conduct his business therein and the employees were unable to bear the heat on the floors of said store room; as a consequence the defendant was forced to abandon said room as a meat market on or about January 2, 1929, and in pursuance thereof he delivered the keys therefor to the plaintiff. Defendant further says that owing to the threats of the plaintiff to bring suit against him for default in payment of rent and the refusal of plaintiff to release the defendant from the terms of the lease, the defendant continued to pay rent under a mistake that such lease was a valid lease, when in truth and in fact it was not, due to the fact that the lessor did not execute and attest said lease in the presence of two witnesses as required by law, and therefore said lease was void and of no effect; that he has paid to the plaintiff the sum of $35.00 per month for and during the time as set forth in plaintiff's petition, when in truth and in fact he was under no obligation so to do. Defendant further says that since turning over the keys to the plaintiff, the latter has occupied said room or part thereof for its own personal use.

Wherefore, because of the untenantability of the store room and because of the failure of the lessor to re-rent the premises after they had been abandoned by the defendant and the keys turned over to the plaintiff, and because of the occupancy of said store room or part thereof by the plaintiff, defendant has been damaged in the sum of $1050, for which sum the defendant prays judgment, etc.

According to the transcript of the docket and journal entries, the plaintiff Hotel Company, through its attorney, filed motion to strike certain averments of the cross-petition, and also filed a general demurrer thereto. The record fails to disclose that either was passed upon by the court; at least, if passed upon, the decision of the court was not journalized. On September 24, 1934, the plaintiff Hotel Company filed a reply and on September 28, a supplementary reply to defendant Priller's cross-petition.

The reply was a general denial with an alternative paragraph requesting if the court should find the lease defective. that it should be reformed by the written contract.

The supplementary reply in somewhat different language and more in detail, again asks in the alternative that the signed written lease be considered as a contract.

The case was tried to the Municipal Court without the intervention of a jury.

After hearing, the court found against the plaintiff on its petition and against the defendant on his cross-petition. Costs were adjudged against the plaintiff. The plaintiff Hotel Company acquiesced in this decision and did not prosecute error.

The defendant Priller perfected his record and filed a petition in error in the Common Pleas Court.

The errors complained of were as follows:

"1. That said court erred in overruling motion of plaintiff in error for a new trial.

2. Said court erred in dismissing the cross-petition of plaintiff in error, defendant below.

3. Said court erred in his finding upon the cross-petition of plaintiff in error, defendant below."

The Common Pleas Court sustained the orders, judgments and findings of the Municipal Court in its entirety and dismissed defendant's petition in error. Within statutory time notice of appeal was filed in our court.

The assignments of error are in substance a complaint that the Common Pleas Court erred in overruling claimed errors 1, 2 and 3, as set out in the petition in error. Of course, we are limited to a determination of the claimed errors of the Common Pleas Court, but in so doing we find it necessary to examine the entire record of the proceedings before the Municipal Court, including the bill of exceptions.

We have no difficulty in affirming both courts, for several reasons.

In the first place, defendant Priller's cross-petition does not state a cause of action, and the demurrer thereto should have been sustained. The cross-petition was demurrable for the following reasons:

Defendant Priller was seeking to have the written lease declared null and void because not properly executed, and at the same time in general terms was asking for damages for a claimed breach. This may not be done, although courts have sanctioned an alternative plea for damages where there is a preceding affirmative claim of illegality of contract.

The alternative plea is predicated upon an averment that if it should be found that the contract is legal, then damages are demanded under proper allegations. However, even under such an alternative plea, only one relief can be granted. To illustrate, if the court determined the contract null and void, then there is no basis for damages for a claimed breach; if it is judicially determined that the contract is legal, then the court may further determine as to the claimed damages under the alternative plea.

In the instant case, the cross-petition was not an alternative plea, and even if we should so consider it there could be no recovery by way of damages, since the illegality of the contract of lease was judicially determined.

This rule of law is well recognized and certainly is a rule of reason. If a contract is void, it is void as to all parties, and neither party can have any right thereunder.

A second reason why the cross-petition is demurrable is that it does not adequately set forth the specific elements of claimed damages. The sum and substance of the cross-petition at best does no more than set out a claimed justification for abandoning the premises on January 2, 1929.

If for the moment we concede the sufficiency of the petition as against demurrer, we then determine whether or not as a factual question the Municipal Court was warranted in finding against the defendant Priller on his cross-petition.

The trial court was very liberal in the admission of testimony as presented by defendant Priller. It was the determination of the court that the damages were not proven and for that reason the court dismissed the cross-petition. The record adequately sustains this finding and judgment.

According to the testimony presented on behalf of the defendant Priller in support of his cross-petition, he enjoyed a good business during the fall of 1927 and summer of 1928. He testifies that the heat was not noticeable during the winter, but yet he abandoned the premises during the winter, to-wit, January 2, 1929. He said that at this particular time competition was very keen through farmers bringing in meats and selling them to the residents of Wapakoneta. Under the record the trial court would be warranted in finding that the defendant Priller

failed in his proof under the allegations of his petition that the furnace and heating pipes were under his room. It was disclosed through reputable testimony that the furnace was under a room to the north; that there was no basement under the room occupied by Priller; and that the heating pipes under his room were covered with 18 inches of dirt.

It was admitted that at all times, including the summer, water was heated in the basement for the purpose of supplying hot water to the various rooms of the hotel building. Aside from the discomfort of the manager and employees in the Priller room, claim was made that the excessive heat required additional ice in the refrigerator. No testimony was adduced as to the amount of this additional ice or the money outlay therefor.

Claim was also made that the meats required additional trimming, but no evidence was given as to the amount or the money lost thereby.

No other elements of damage are even hinted at, except the continuous payment of rent after the abandonment.

It is argued that Priller paid the rent under a mistake, not knowing or realizing the claimed illegality of the lease. While it is argued in counsels' brief that this was a mistake of fact, we can not agree with this conclusion. It is clearly a mistake of law, and the courts have universally held that money voluntarily paid under a mistake of law can not be recovered.

Counsel for Priller argue further that there was an eviction for the following reasons:

1. That the room was untenantable by reason of the excessive heat in the summer time. We have heretofore discussed this question.

2. Claim is made that the Hotel Company demanded, received and held the key to the room shortly after Priller's moving out.

The record adequately explains that the management of the hotel did ask for the key for the purpose of cleaning the room up and the attending circumstances clearly indicate that there was no intent to relieve Priller of his obligation to pay rent.

3. Claim is made that the Hotel Company occupied and used the premises. There was evidence that some other tenant of the building stored a small amount of property in this room for a short period of time. Priller made complaint to the hotel management and they agreed to have it removed. There was also some evidence introduced for the purpose of showing that the management of the hotel company sought to rent the rooms. When the full story was presented it disclosed that the Hotel Company were endeavoring to help Priller out in taking a prospective renter to Priller, but Priller declined to rent, for the reason that the prospective tenant desired certain repairs to be made, which Priller declined to do.

The answer to this question of eviction is fully made by the conceded fact that Priller continued to pay the rent until August, 1932. This conduct on the part of Priller clearly indicated that he considered himself liable for the rent and had not given up his control.

The briefs of counsel take a very wide range. Numerous cases are cited and all make the correct pronouncement on the facts under consideration. Very few, if any, of these cases are applicable to the instant case.

We think that the Common Pleas Court was correct in its determination that no prejudicial error appeared in the record of the proceedings in the Municipal Court.

Judgment will be affirmed and costs adjudged against the appellant.

Entry may be drawn accordingly.

GEIGER, PJ. and HORNBECK, J., concur.